UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REVVITY, INC. and REVVITY HEALTH SCIENCES, INC.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>WILLIAM HAUSER, SCOTT MCKINSTRY, ILIR MELKA, and REVIVO-DYNAMICS, INC.,<br><br>    *Defendants.* | No. 25-cv-11657-ADB |

## ORDER DENYING PLAINTIFF'S MOTION TO IMPOUND INFORMATION

LEVENSON, U.S.M.J.

### INTRODUCTION

Plaintiffs Revvity, Inc. and Revvity Health Sciences, Inc. have filed a motion to impound certain information disclosed in the answers, amended answers, and counterclaims filed by individual Defendants William Hauser, Scott McKinstry, and Ilir Melka (together, "Defendants"). Docket No. 41.

Plaintiffs have filed a memorandum in support of their motion (Docket No. 42) and the Defendants have filed a joint memorandum in opposition (Docket No. 53). For the reasons set forth below, I deny the motion.

### I. Background and Arguments of the Parties

In the underlying lawsuit, Plaintiffs allege that Defendants—Plaintiffs' former employees—took advantage of their positions as service engineers and engaged in self-dealing by independently refurbishing and reselling Plaintiffs' imaging instruments to Plaintiffs' customers and improperly adding those instruments onto service plans to secure maintenance and

repair of those instruments without payment to Plaintiffs. Docket No. 1 ¶¶ 2–3. In response to Plaintiffs' complaint, the Defendants each filed timely answers (Docket Nos. 18–22[1]) and filed amended answers (Docket Nos. 31–33) within the twenty-one days allowed for amendments under Federal Rule of Civil Procedure 15(a)(1)(A). The amended answers for Defendants Hauser and McKinstry include counterclaims against Plaintiffs, alleging breach of contract, breach of good faith and fair dealing, unjust enrichment, and Massachusetts Wage Act violations. Docket Nos. 31 at 21–27; 32 at 21–27. Defendants each filed a motion to withdraw their prior answers (Docket Nos. 51, 52, 54) and Judge Burroughs granted those motions to withdraw (Docket No. 55).

In the present motion, Plaintiffs allege that Defendants' answers, amended answers, and counterclaims include Plaintiffs' commercially sensitive, non-public information, which poses a risk of "competitive harm and irreparable injury" to Plaintiffs, harms their competitive standing, and subjects them to liability for breach of non-disclosure agreements. Docket No. 41 at 2–4. As such, Plaintiffs request that unredacted versions of the answers, amended answers and counterclaims be impounded, and request that partially-redacted versions of the pleadings be filed on the public docket. Docket No. 41 at 3. Defendants oppose the motion, arguing that Plaintiffs have not demonstrated the competitive harm that would befall Plaintiffs should the filings remain on the docket unredacted. Docket No. 53 at 1–2.

---

[1] Defendants Hauser and McKinstry were asked to re-submit voluminous exhibits to their answers electronically, resulting in duplicative filing of their original answers, and resulting in Defendant McKinstry's answer being filed on September 25, 2025. Defendant Hauser's original answer can be found at Docket Nos. 20 and 21, and Defendant McKinstry's original answer can be found at Docket Nos. 19 and 22.

**II.     Legal Standard**

The public has a "presumptive" right of access to judicial documents. *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013). "'[O]nly the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id.* (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)). "The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." *Bradford & Bigelow, Inc. v. Richardson,* 109 F. Supp. 3d 445, 447 (D. Mass. 2015).

Particularly for *pleadings*—as opposed to, say, discovery materials—the presumption of public access is at its strongest. *See id.* at 447–48. Protecting trade secrets or confidential business information can sometimes supply a compelling reason to restrict public access. However, to justify sealing, a party must make a particular factual demonstration of potential harm. *See Kravetz*, 706 F.3d at 60; *Am. Well Corp. v. E-Dental Servs., LLC*, No. 24-CV-10517-AK, 2024 WL 1809419, at *1 (D. Mass. Apr. 25, 2024). Mere conclusory assertions will not suffice. *See id*. at 60.

**III.    Analysis**

Much of the original dispute in this matter is now moot. Defendant's original answers have been sealed since the day after they were filed, and were, therefore, not visible on the public docket at the time of the present motion. Approximately two weeks after Plaintiffs filed the present motion, Defendants each filed a motion to withdraw their original answers. Docket Nos. 51, 52, 54. Judge Burroughs granted all three motions (Docket No. 55), resulting in the original answers—which are the main subject of Plaintiff's motion to impound—remaining sealed on the docket. *See* Docket Nos. 18–22.

There are still a few open points of contention: Plaintiffs propose redactions to three types of information that appear in Defendants' amended answers: (1) the specific amount of a "Transfer Charge" used in Plaintiffs' internal accounting records, which was allegedly deducted from service engineers' compensation for replacement of an instrument; (2) the alleged cost of warranty camera replacements; and (3) information regarding particular kinds of recurrent product defects. *See* Docket. Nos. 41 at. 12–13; 31 at 23–24; 32 at 23–24; 33 ¶ 27.

The amount of the "Transfer Charge" and associated costs incurred (or entered) by Plaintiffs appears to be directly relevant to Defendants' counterclaims. It is hard to see how the Court could determine the "facts and laws" regarding Defendants Hauser and McKinstry's counterclaims without discussing these allegations. Further, Plaintiffs have not made a particular factual demonstration that they would be unduly harmed if this information remains available to the public—nor are such harms obvious to the Court. Nor have Plaintiffs demonstrated that there is any particularized harm associated with disclosing prices of replacement cameras or with disclosing recurrent repair issues.

Plaintiffs may dispute Defendants' allegations, and Plaintiffs may prefer that such information not be disclosed, but Plaintiffs have not articulated a compelling reason why these particulars of this lawsuit ought to be shielded from the public eye. Undoubtedly, most businesses—and individuals—would prefer to limit public scrutiny of matters that are usually private. But a generalized distaste for airing dirty laundry is insufficient to countermand the public's presumptive right of access. Plaintiffs have failed to provide a "compelling reason" or to demonstrate the kind of particularized risk of harm that would warrant sealing in this case.

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion is DENIED.[2]

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: November 26, 2025

---

[2] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).